## Racik Estate

604

*Raymond J. Porreca,* for exceptants.
*George Ovington, 3rd,* contra.

LEFEVER, J., April 4, 1952.—This estate is before the court on exceptions: (1) To the refusal of the auditing judge to require the inclusion in the account of certain property owned by decedent and his widow as tenants by the entireties, and (2) to the allowance of the widow's exemption. There is no need to repeat the facts which are accurately and clearly stated in the adjudication.

The written agreement between decedent and his widow is clear and unambiguous. Each agrees that the survivor will "will, devise and bequeath" one half of "their joint estate" to the children of the one first to die.

This is a common and natural form of agreement between a prospective or actual husband and wife, both of whom have children by former marriages. The parties clearly wished to accomplish two things thereby: (1) To place in the absolute and unfettered possession, control and disposal of the survivor all of their jointly owned property for his or her normal or emergency needs during his or her lifetime, and (2) to provide that whatever of their jointly owned property remained after the death of the survivor should be divided equally between their respective sets of children. The obligation of the survivor to the other's children does not arise under this agreement until the survivor's death. Therefore, the claim here brought is premature. If the parties had intended to create a trust of their jointly owned assets or otherwise to encumber them they could have easily and plainly done so. They did not do so. We should not defeat their manifest intent.

606

There is nothing in this agreement to bar the widow from her statutory exemption.* Exceptants have failed to meet the strong burden of proof placed upon them to show grounds for barring the widow from her exemption.

Accordingly, the exceptions are dismissed and the clear and carefully written adjudication of the learned auditing judge is made absolute.

* The amount of the widow's exemption has been set at $500, inasmuch as this is the amount claimed by the widow and accordingly allowed by the court.